HARRY BRYCE v. BURLINGTON, CEDAR RAPIDS & NORTHERN RAILWAY COMPANY, Appellant.

**Railroads:** INJURY TO SERVANT: AUTOMATIC COUPLERS: INSTRUCTION. 1 Although the evidence in an action for injury to a brakeman in coupling the tender to the train conclusively showed that all of the cars except the tender were supplied with automatic couplers, yet a submission of that question under the allegations of a petition alleging that the cars in the train in question were not so equipped, was not error where the court also charged that the statute requiring automatic couplers had no application to the equipment of tenders.

**Assumption of risk:** EVIDENCE: SUBMISSION OF ISSUE. A brakeman 2 who had no knowledge that the tender of the train on which he was employed was not equipped with an automatic coupler until he was about to make a coupling, when he discovered that it was provided with a link and pin, did not assume the

risk incident thereto, and the evidence being insufficient to sustain the plea of assumption of risk, the defendant company was not prejudiced by a failure to submit that issue.

**Instructions.** A party can not complain of the court's instruction 3 when in exact conformity with those requested by him.

*Appeal from Cedar Rapids Superior Court.* — HON. J. H. ROTHROCK, Judge.

THURSDAY, JULY 13, 1905.

ACTION to recover damages for injuries alleged to have been received by plaintiff while in the employ of defendant in attempting to couple a locomotive tender provided with a link and pin coupling to a car provided with an automatic coupling. The negligence originally relied upon by plaintiff was failure to equip the tender with an automatic coupling and in backing the engine for the purpose of making the coupling without signal to the plaintiff or warning to him. On a former appeal to this court it was held that it was not a violation of the provision of Code, section 2079–2082, relating to automatic couplings, to fail to provide such couplings on locomotive engines and tenders, and that therefore Code, section 2083, by which assumption of risk is eliminated as a defense in an action by an employé for injuries received by reason of failure to equip cars with automatic couplers, was not applicable, and the judgment in favor of plaintiff was reversed for failure of the court to submit the defense of assumption of risk. 119 Iowa, 274. On the second trial there was a verdict for plaintiff for $2,500, but plaintiff submitted to a reduction by the court to $1,750, and from judgment for that amount defendant appeals. — *Affirmed.*

*Carroll Wright, John I. Dille,* and *S. K. Tracy,* for appellant.

*Rickel, Crocker & Tourtellot,* for appellee.

McCLAIN, J.— 1.  For appellant it is contended that the court erred in stating the issues to the jury, in that the failure to equip its cars with automatic couplers, as required by statute, was included, although the evidence related entirely to failure to so equip the tender, which was not in itself negligence under that statute, as held in the previous appeal.  It is claimed, therefore, that the case should have been submitted only on the allegations of negligence in failing to properly equip the tender with a reasonably safe coupling appliance and negligence in the operation of the engine.  However, one of the allegations of the petition was that the cars operated by the defendant in its train in connection with which the plaintiff received his injury were not equipped with automatic couplings as required by law, and, if there was any evidence of failure to so equip such cars, and that such failure proximately contributed to plaintiff's injury, then it was proper to submit the issue as to negligence under the statute. There was therefore an issue under the pleadings as to whether there was negligence occasioning the injury to plaintiff in failure to provide the proper equipment throughout the train of automatic appliances.  It may be that under the evidence there was no question as to the proper equipment save as to the tender of the engine, and that under the holding on the previous appeal there was no question left to be decided under the application of the statutory provisions.  But however this may be, the court, after stating the issues raised by the pleadings, directed the jury that the statute had no application to the equipment of the tender, and thereby removed any objection which otherwise might have been available to the defendant on account of the inclusion in the statement of the issues of the question as to failure to equip the cars of its train with automatic couplings as required by statute. *Cahow v. Chicago R. I. & P. R. Co.*, 113 Iowa, 224.

II.  Failure of the court to submit to the jury the question of assumption of risk by the plaintiff as to the

*1. RAILROADS: injury to servant; automatic couplers; instructions.*

equipment of defendant's tender with a reasonably safe
coupling appliance is relied on as constituting
error. In response to this contention counsel
for appellee argue that assumption of risk was
not sufficiently pleaded by the defendant. But on the former
trial it was assumed that there was an issue as to assumption
of risk, notwithstanding the statutory provision, inasmuch
as the statute did not apply to the equipment of the tender;
and we would not be justified in holding on this appeal that
the pleadings did not properly raise such an issue. However,
on an examination of the record we find no competent evi-
dence tending to support the defense of assumption of risk.
It appears from the record that prior to this accident the
engines and tenders on the railroads running into Cedar
Rapids, where the defendant company had its headquarters,
and where the plaintiff entered into defendant's employment,
were generally equipped with automatic couplers, and that
many, if not nearly all, of the engines and tenders of the
defendant's company were so equipped. The plaintiff was
not employed as either head or rear brakeman, but as third
brakeman on a short run from Vinton to Iowa Falls. His
principal duty was to load and unload merchandise at sta-
tions, and in addition he was to help do the switching if he
had time. And it was when he was thus temporarily assist-
ing in switching that he received the injury of which he
complains. He testifies that he had no knowledge, while
he was thus employed, that any of the engines and tenders
of defendant's road were without automatic couplings, until
he attempted to make the coupling in connection with which
he was injured, and found this tender to be provided with
a link and pin coupling. It further appears that this engine
and tender had not been in general use on the train in con-
nection with which plaintiff was employed, but were sub-
stituted for the regular engine and tender on this particu-
lar run. We reach the conclusion, therefore, that under the
circumstances the plaintiff was not chargeable with general

2. ASSUMPTION
OF RISK: evi-
dence; sub-
mission of
issue.

knowledge that engines and tenders not equipped with automatic couplers were in use on defendant's road, and that he had not assumed any risk with reference to the link and pin coupling on the tender of this particular engine, unless such assumption of risk resulted from the fact that he had knowledge a few seconds before the accident, and while in the very act of making the coupling, that the tender was provided with a link and pin coupling.

In *Coles v. Union Terminal R. Co.*, 124 Iowa, 48, it is said that it is only where an employé has been made aware of the danger sufficiently in advance to enable him to protect himself therefrom that application of the doctrine of assumption of risk can be made, and that, while knowledge of the danger may come from a warning given, or by actual discovery thereof, the employé is not charged with such knowledge, unless brought home to him in time to enable him to avoid the accident, without instantly abandoning his service. We think it would be an unreasonable application of the doctrine of the assumption of risk to apply it to a case where the employé, without being charged with knowledge that he might be called upon to use a link and pin coupling, discovers the fact just as he is about to effect the coupling, and hold that he should immediately abandon his service with the company, on penalty of being held to have assumed the risk of making the coupling with such appliances. When the employé discovers defective appliances he is justified in continuing in the employment on assurance of his employer that the defect will be remedied, and such continuance for a reasonable time does not establish the assumption of risk in the use of such defective appliance. *Branz v. Omaha & Council Bluffs R. & B. Co.*, 120 Iowa, 406, *Hosic v. Chicago, R. I. & P. R. Co.*, 75 Iowa, 683. We reach the conclusion, therefore, that the evidence would not have justified the jury in finding that plaintiff had assumed the risk of the use of the link and pin coupling on the tender, and any error of the court in failing to properly sub-

mit the question as to assumption of risk was without prejudice to the defendant.

III.   Complaint is made of an instruction with reference to contributory negligence to the effect that, if plaintiff was injured solely through his own carelessness, then

3. INSTRUC-
TIONS.

the defendant was not liable; and it is argued that, if plaintiff's negligence contributed to his injury, although it was not the sole cause thereof, he was not entitled to recover.   But in the instructions asked by defendant on this subject the very expressions used by the court to which objection is made were incorporated.   The effort of the court evidently was to embody the rule as to contributory negligence which defendant was contending for, and if the court borrowed erroneous language from the instructions asked defendant should not complain.

There seems to have been no prejudical error, so far as the defendant is concerned, and the judgment of the trial court is therefore *affirmed*.