THE BONNOT COMPANY v. NEWMAN BROS. *et al.*, Appellants.

**Fraudulent Alteration in Sale Contract:** EVIDENCE. A contract of sale stipulated that the property was to remain that of plaintiff until paid for. Prior to such contract, the purchaser had agreed

to sell the property to defendant, which agreement contained a like provision as to the title remaining in plaintiff. Both contracts provided for the delivery of the property to the defendant. Plaintiff sued defendant for a balance of the contract price.

1 *Held*, proper to permit him to show the negotiation leading up to the making of the two contracts, it being competent to sustain averment that defendant knew of the stipulation as to the title remaining in the plaintiff in both contracts which he claimed was fraudulently inserted in the one between him and the purchaser from plaintiff; and this, though it had been adjudged against the one who sold to defendant that said clause as to the title had been inserted in the second contract, fraudulently.

**Instructions:** WAIVER BY REQUEST. A party cannot complain of
2 an instruction, even if erroneous, which contains in substance, an instruction requested by him.

**Replevin:** INTEREST. In replevin, an allowance of interest on the value of the property prior to the verdict is erroneous, under
3 Code, section 4178, providing that in such actions the party entitled to the property may have execution for its delivery, or for its value as found by the jury, which refers to the time judgment is rendered, and not to the time the action is commenced.

*Appeal from Polk District Court.*—HON. T. F. STEVENSON, Judge.

THURSDAY, OCTOBER 26, 1899.

ACTION at law to recover the possession of specific personal property or its value. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendants appeal.—*Modified and affirmed.*

*Read & Read* and *Spencer S. Cole* for appellants.

*Cummins, Hewitt & Wright* for appellee.

ROBINSON, C. J.—In November, 1895, the plaintiff sold to F. K. Ebersole the property in controversy, consisting of certain machinery for the making of brick, for the sum of two thousand two hundred and sixty-five dollars. The contract of sale provided that the machinery should "be and remain the property of the Bonnot Co. until paid for." A few days before that contract was made,

Ebersole had entered into an agreement with the defendant Newman Bros. for the sale to them of brick making machinery, the price of which was six thousand two hundred and fifty dollars. The machinery sold by the plaintiff to Ebersole was a part of that which he sold to Newman Bros., and the contract between Ebersole and Newman Bros., as signed, provided that the machinery therein described "should be and remain the property of the Bonnot Co. until paid for." Both contracts provided that the machinery sold by the plaintiff should be delivered to Newman Bros., and it was so delivered. Only one thousand dollars of the contract price due to the plaintiff has been paid, and it demands judgment for the return of the property which it sold, or, if that cannot be found, for the amount due to it, with interest. The defendants Newman Bros. and the partners who compose the firm deny that the contract they entered into with Ebersole contained the clause which we have quoted, and in a cross petition aver that it was inserted without their knowledge, and by mistake, unless Ebersole had knowledge of it, and, if he did, that it became a part of the writing signed, by fraud and misrepresentation. They ask that Ebersole be made a party to the action, and that the contract with him be reformed by striking out the clause alleged to have been wrongly inserted. On the motion of the defendants it was ordered that the issues presented by their cross petition be tried by equitable proceedings, and that the trial of other issues be postponed until the equitable proceedings should be terminated. A trial of the equitable issues was accordingly had. Ebersole was adjudged in default, and a decree was rendered reforming the contract with him as prayed. We understand that an appeal was taken from that decree, and that it was reversed. See *Bonnot Co. v. Newman*, 108 Iowa, 158. After the equitable issues were thus disposed of by the district court, the remaining issues were tried as at law, by jury. A verdict for the plaintiff was returned, and the value of the

property in controversy was fixed at one thousand two hundred dollars, and judgment was rendered for the return to the plaintiff of the property, and in case it should not be promptly returned, or the plaintiff should be unable to obtain possession of it, free from incumbrance, that the plaintiff recover the sum of one thousand and two hundred dollars, with interest. The cause was tried in the district court while the decree rendered in the equitable proceedings was in force, on the theory that the decree was final, and will be so tried here.

I.    The court permitted the plaintiff to show the negotiations which led to the making by the defendants of the two contracts, and of that the defendants complain. We think the evidence objected to was competent as tending to sustain the averments of the petition to the effect that the defendants knew of the clause in the contract of Ebersole with the plaintiff by which the title to the property was to remain in the plaintiff until payment should be made. It is not claimed that there was any mistake or fraud in that contract; and if the defendants knew, when they contracted with Ebersole, what its provisions would be, the alleged mistake or fraud in their contract with Ebersole, and its reformation, would not have protected the property in their hands against the claim of the plaintiff. It had the right to show, if it could, that the defendants knew what its interest in the property would be when they purchased it. The issues tried in the equitable proceedings related solely to the contract of the defendants with Ebersole, and not to his contract with the plaintiff; and the disputed clause might have been inserted in their contract by mistake, or fraudulently, although they had knowledge that a similar clause was contained in Ebersole's contract with the plaintiff. If any of the evidence objected to tended to show that the defendants knew, when they signed their contract with Ebersole, that it contained the provision in controversy, prejudice could not have resulted,

for the reason that the court instructed the jury that the provision had been stricken from that contract, and should not be considered.

II.   The court charged the jury that: "Before the plaintiff would be entitled to recover in this action, it is incumbent upon it to prove by a preponderance of the evidence that the said Newman Bros., or some of them, had notice or knowledge, at the time they entered into said contract with said Ebersole, or at any time prior to the delivery to the said Ebersole of the consideration, or any part thereof, which they agreed to pay to the said Ebersole for the said machinery, that the said clause above referred to was con·tained in said contract between plaintiff and said Ebersole. *   *   *"   The defendants complain of that portion of the charge. So far as objected to, it was contained in substance and effect in an instruction asked by the defendants, and they cannot now be heard to complain of it, even though erroneous. *Smith v. Railroad Co.,* 38 Iowa, 173; *Campbell v. Ormsby,* 65 Iowa, 518; *Light v. Railway Co.,* 93 Iowa, 83.

III.   It is said that the evidence does not sustain the verdict. It is sufficient to say, without referring to the evidence at length, that, in our opinion, it authorized the verdict returned.

IV.   The verdict was returned on the 27th day of May, 1897, and fixed the value of the property in controversy at one thousand two hundred dollars. The judgment authorized a recovery for that amount, with interest thereon at six per cent. from October 30, 1896. It was agreed during the trial, which was had on the 25th and 26th days of May, 1897, that the property was worth one thousand and two hundred dollars at that date. The alternative prayer of the petition asked for a judgment for the amount of the plaintiff's interest if the property could not be found, and it does not appear that the plaintiff has at any time elected to take a judgment for money in lieu

of the property. This action was commenced on the 20th day of October, 1896, it is true, but judgment for the property was not then asked, nor has its value at that time been shown. Section 4178 of the Code gives to a party to an action of replevin, found entitled to property not in his possession, the option to have an execution for the delivery of the specific property, or for its value "as determined by the jury," and that evidently refers to the time when judgment is rendered, or to a later date, and not to the time when the action was commenced. We conclude, therefore, that so much of the judgment as allowed the recovery of interest on the value of the property prior to the return of the verdict is erroneous. Judgment will be rendered in this court in harmony with this opinion. The judgment of the district court is MODIFIED AND AFFIRMED.