MARYETTE SPICER v. CITY OF WEBSTER CITY, Appellants.

Action for Damages: DEFECTIVE SIDEWALK: SPECIAL FINDING: IN-
1    STRUCTION.  In an action against the city for damages on ac-
count of a defective sidewalk, the court submitted by special
interrogatory the question of actual notice by the city of the
defect, which was answered affirmatively.   The city requested
an instruction covering the same point, which was given.
There was evidence tending to show constructive notice.  *Held*,
the city could not complain that the interrogatory was with-
out support in the evidence.

Discovery of Defect: CONDITION OF WALK: INSTRUCTION.  It is
2    proper in such an action to instruct the jury that in determin-
ing the negligence of the city in keeping the walk in repair,
it should take into consideration all matters shown by the
evidence relating to the condition of the walk in the vicinity
of the defect, as bearing on the duty of the city to discover the
defect and make the repair whether alleged in the petition
or not.

*Appeal from Hamilton District Court.*—HON.  J.  R.
WHITAKER, Judge.

FRIDAY, DECEMBER 19, 1902.

ACTION for damages.   From a judgment against it, the
city appeals.—*Affirmed.*

*J.  H.  Richard* and *G.  D.  Thompson* for appellant.

*Wesley Martin* for appellee.

LADD, C. J.—While walking over a sidewalk of de-
fendant city, plaintiff was tripped by a loose plank, and
fell.   In its charge, and by special interrogatory, the court
submitted to the jury whether the defendant had actual
notice of the defect in the walk prior to the accident.   The

interrogatory was answered in the affirmative. Appellant now insists that the answer is without support in the evidence. If this be conceded, appellant cannot complain, for it requested an instruction, proper in form, which was fairly embodied in the seventh and fourteenth paragraphs given, submitting this precise issue. A party may not lead the court into the commission of error, and then make it a basis for reversal. *Light v. C., M. & St. P. Railroad Co.*, 93 Iowa, 83; *Benner Bros. v. Thornburg*, 111 Iowa, 515; *Campbell v. Onusby*, 65 Iowa, 518; *Smith v. S. C. & P. R. Railroad Co.* 38 Iowa, 173; *Bonnet Co. v. Newman Bros.* 109 Iowa, 580. An answer to a special interrogatory decisive of an important, though not determinative, fact in issue, when without support in the evidence, but in conflict with it, is a sufficient showing of passion and prejudice on the part of the jury to call for a new trial. *Baldwin v. Railway Co.*, 63 Iowa, 210; *Heath v. Mining Co.*, 65 Iowa, 737; *Jeffrey v. Railroad Co.*, 51 Iowa, 439. But a distinction seems to have been drawn between answers to interrogatories in conflict with the undisputed testimony and those merely not supported by it, and the latter, when not essential to the verdict, do not furnish ground for interference with the verdict. *Phœnix v. Lamb*, 29 Iowa, 352; *Purcell v. Railway Co.*, 117 Iowa, 667; *McMurray v. Hughes*, 82 Iowa, 47. The evidence was such that the jury might have found the defendant charged with constructive notice, and hence the finding as to actual notice did not necessitate a new trial.

II. In the eighth instruction the jury was told, in determining whether defendant was negligent in the maintenance and repair of the walk at the place where plaintiff was injured, and whether it had notice, "to consider the length of time the alleged sidewalk had been built, the material with which it was constructed, the manner of its construction, the nature of the alleged defect,—whether or not it

1. DISCOVERY of defect: condition of walks; instruction.

was apparent and readily observable, or whether it was such that it would not be noticeable unless a person stepped on the extreme edge of the walk,—whether the alleged loose plank was replaced by persons other than the city officers, who noticed it out of place, so it could not be seen by the defendant's officers, and all other facts and circumstances, and all as shown by the evidence." It is said these matters were not alleged. Neither was other evidence introduced on the trial. But all of them bore on the duty of the city with respect to the discovery of the defect and the repair of the walk. If the sidewalk was of long standing and somewhat decayed, greater watchfulness should be exacted. If sound and comparatively new, little attention was necessary. The particular defect was the loose board, but, in ascertaining whether the officers of defendant should have discovered it in time to repair before the accident, the condition of the sidewalk in the immediate vicinity was a fair subject of inquiry. If the walk was sound, that was a circumstance in the city's favor, but ought not for this reason to be rejected. *Armstrong v. Town of Ackley*, 71 Iowa, 76, is not in point, as there the vice in the instruction condemned was in allowing the jury to base its verdict on a general finding that the walk was unsafe, instead of basing it upon the defect alleged in the petition.

III. Near the close of the trial, defendant's motion to "strike out all the testimony relative to any defect of the alleged defective place in the sidewalk, other than specifically set out in the petition," was sustained. What was meant by "defect of the alleged defective place," we cannot imagine, but certainly the ruling did not exclude, as appellant contends, all the evidence relating to the condition of the walk in the vicinity of the loose plank.

No doubtful question is raised by the appeal.— AFFIRMED.