SARAH GORDON, Administratrix of the Estate of Wm. F.
Gordon, Deceased, Appellee, v. CHICAGO, ROCK IS-
LAND & PACIFIC RAILWAY COMPANY, Appellant.

**Actions:** SUBSTITUTION OF PARTIES: WHAT LAW GOVERNS. The law
1 of the forum will determine the survival of an action for per-
sonal injury; so that where a party began his action in this
state before his death substitution of his administrator accord-
ing to our law was proper, although the injury occurred in a
foreign state.

**Second appeal:** LAW OF THE CASE. The determination on the former
2 appeal of this case that the evidence was sufficient to authorize
a finding that the defendant railway company was negligent in
the construction of its road, and that its negligence in that re-
spect was the proximate cause of plaintiff's injury, is conclusive
on this second appeal.

**Instructions:** SUBMISSION OF ISSUES. A party requesting instructions
3 upon certain issues can not complain that the court submits such
issues for determination by the jury.

**Evidence:** RES GESTAE. Where the statement of one injured regard-
4 ing the accident is closely connected with its happening, is spon-
taneous and descriptive of the accident, it is admissible as part
of the *res gestae*.

VOL. 154 IA.—29.

*Appeal from Polk District Court.*—HON. W. H. Mc-
HENRY, Judge.

FRIDAY, MARCH 15, 1912.

ACTION at law to recover damages for personal injuries
received by William F. Gordon, deceased, while in the em-
ploy of the defendant company.   The action was com-
menced by the deceased during his lifetime; but during
its pendency he died, and his administratrix was substi-
tuted as plaintiff.   Trial to a jury, verdict and judgment
for plaintiff in the sum of $3,850, and defendant appeals.
—*Affirmed.*

*J. L. Parrish* and *Robert J. Bannister,* for appellant.

*W. G. Clark,* for appellee.

DEEMER, J.—This is the third time the case has
been before us.   Former opinions will be found in 129
Iowa at page 747, and 146 Iowa at page 588.   The facts
are fully recited in these opinions and need not be re-
peated at this time.

One question now presented for the first time is the
effect to be given the death of Gordon after the commence-
ment of his suit.   For defendant, it is contended that,
as the cause of action arose in Indian Ter-
ritory, Gordon's death had the effect to abate
the action, and that there can be no recovery
of damages, for the reason that under the
law of that territory causes of action for personal injuries
do not survive.   Without now determining the question
as to the law of Indian Territory at the time the cause of
action arose, it is sufficient to say that Gordon commenced
his action against the defendant in this state before his

1. ACTIONS:
   substitution
   of parties:
   what law
   governs.

death, and upon his demise his administratrix was sub-
stituted, pursuant to the statutes of this state.    The uni-
versal holding of the courts in such cases is that the law
of the forum governs, and as, under our statute, the cause
of action survives the death of the plaintiff there is no
merit in defendant's contention.    We quote the following
from *Railroad Co. v. Joy,* 173 U. S. 226 (19 Sup. Ct.
387, 43 L. Ed. 677): "It is scarcely necessary to say
that the determination of the question of the right to
revive this action in the name of Hervey's personal rep-
resentative is not affected in any degree by the fact that
the deceased received his injuries in the state of Indiana.
The actions for such injuries was transitory in its nature,
and the jurisdiction of the Ohio court to take cognizance
of it upon personal service, or on the appearance of the
defendant to the action, can not be doubted.    Still less
can it be doubted that the question of the revivor of actions
brought in the courts of Ohio for personal injuries is
governed by the laws of that state, rather than by the law
of the state in which the injuries occurred."    See, also,
*Ardmore Co. v. Bevil,* 61 Fed. 757 (10 C. C. A. 41);
*Martin v. Railroad,* 151 U. S. 673 (14 Sup. Ct. 533, 38
L. Ed. 311); *Belt v. Railroad Co.,* 4 Tex. Civ. App. 231
(22 S. W. 1062).

II.    It is argued that the court erred in submitting
the question of defendant's negligence in constructing its
track south of the town of Minco with sharp ascending and
descending grades, for the reason that there
is no testimony that such construction was
negligent and nothing to show that it was
the proximate cause of the injury.    This matter was fully
considered on a former appeal, and is treated in the first,
second, and third divisions of the opinion reported in 146
Iowa, 588.

2. SECOND AP-
PEAL: law of
the case.

Aside from this, we think there was enough testimony
to take the case to the jury upon both propositions.    More-

over, the defendant asked instructions covering this feature of the case; thus admitting that these were questions of fact for the jury. *Bonnot Co. v. Newman,* 109 Iowa, 580; *Dalton v. Railroad,* 114 Iowa, 257; *Padelford v. Eagle Grove,* 117 Iowa, 616; *Hahn v. Miller,* 60 Iowa, 96; *Morgan v. Freemont County,* 92 Iowa, 644.

3. INSTRUCTIONS: submission of issues.

III. Gordon's testimony was taken on a previous trial, and that testimony was reintroduced upon this trial. Among other things, he was permitted to testify, over defendant's objections, that immediately after his injury, and as he was being pulled from under the cars, he said to the engineer, "My God, Ben, they broke in two," to which the engineer responded, saying, "Yes." Defendant contends, as upon the former appeal, that this was a self-serving declaration, and therefore inadmissible. While not specifically treating of this matter on the former appeal, it was considered and thought not to be erroneous. We now hold expressly that this declaration was so closely connected with the main event, so spontaneous, and so descriptive as to be a part of the *res gestae.* In support of this holding, see *Hutcheis v. Railroad,* 128 Iowa, 279; *Rothrock v. Cedar Rapids,* 128 Iowa, 252; *Alsever v. Railroad,* 115 Iowa, 341; *Keyes v. Cedar Falls,* 107 Iowa, 509; *Sutcliffe v. Association,* 119 Iowa, 220.

4. EVIDENCE: res gestae.

*Armil v. Railway Co.,* 70 Iowa, 130, relied upon by appellant, has been distinguished, if not overruled, by the later cases cited. The law of the case was made on the former appeals, and the trial court submitted the case upon the theories there authorized.

No prejudicial error appears, and the judgment must be, and it is, *affirmed.*