ZASTROW, Appellant, v. KNIGHT, et al, Respondents.

(249 N. W. 818.)

(File No. 7413. Opinion filed August 12, 1933.)

*Danforth & Davenport,* of Sioux Falls, for Appellant.
*Cheever, Collins & Cheever,* of Brookings, for Respondents.

POLLEY, J. ▇ This action was brought to recover on a promissory note. Payment of the note was secured by a mortgage executed by defendants. Shortly after the execution of the note and mortgage, defendants conveyed the mortgaged premises, subject to the mortgage, to one Hoy. From Hoy the land passed through several grantees until it finally reached one E. E. Walseth, who took the title for the Clear Lake Securities Company, a corporation of which said Walseth was secretary. Hoy assumed the mortgage debt, and by so doing, as between him and the makers of the note, they assumed the relationship of debtor and surety, with Hoy as principal and defendants as sureties on the note. None of the subsequent purchasers assumed the mortgage debt. The note and mortgage became due on the 29th day of July, 1922.

As a defense defendants alleged in their answer that on or about the 1st day of September, 1922, said Walseth and plaintiff, without the knowledge or consent of defendants, entered into a contract whereby in consideration of the sum of $500 paid to plaintiff on the note by said Walseth, and the increase in the interest on the note from 6 per cent to 7 per cent per annum, plaintiff extended the due date of the note from the 29th day of July, 1922, to the 29th day of July, 1923; that by the making of said contract defendants were released from all liability on the note. To this answer plaintiff demurred. The demurrer was overruled and plaintiff appealed to this court. On that appeal we held that the answer failed to plead a defense to the plaintiff's cause of action because it did not allege what value, if any, there was in the mortgaged property on the 1st day of September, 1922, over and above the amount of a prior mortgage then existing against the land. Zastrow v. Knight et al, 56 S. D. 554, 229 N. W. 925, 72 A. L. R. 379.

After the case was returned to the trial court, defendants filed an amended answer which, in addition to the matter pleaded in

their original answer, contained the following paragraphs: "That on the 1st day of September, 1922, the mortgaged premises, to-wit: The South Half of the South Half ($S\frac{1}{2}$ of $S\frac{1}{2}$) of Section Seven (7), Township One Hundred Fifteen (115), North, Range Forty-eight (48), West 5th P. M., Deuel County, South Dakota, and encumbered by a first mortgage lien thereon aggregating with accrued interest to that date, $5,434.12, and by said second mortgage lien for the $2,500.00 balance upon the $3,000 note secured by mortgage given by the defendants to the plaintiff as hereinbefore alleged, making the total amount of the liens and encumbrances upon or against said premises, September 1st, 1922, the sum of $7,934.12, and that the value of said mortgaged premises at said time was greatly in excess of all liens and encumbrances upon or against said premises; and these defendants further allege that on or about the 29th day of July of the years, 1923, 1924 and 1925 when plaintiff further extended the time of payment on the balance of $2,500.00, and agreed not to foreclose said mortgage as hereinbefore alleged, the value of said mortgaged premises was greatly in excess of the liens and encumbrances upon or against the same; and that by reason of the matters and things therein alleged, these defendants were and have been released from all liability upon or in connection with the note described in plaintiff's complaint, and are in no manner liable to the plaintiff for the payment of said note or any parts thereof."

To this amended answer plaintiff interposed a reply in which he denied the matter constituting defendant's affirmative defense, and the case went to trial upon the issues raised by the amended answer and the reply. The evidence touching these issues was sharply conflicting. Plaintiff positively and absolutely denied that he ever entered into any agreement whereby be extended the time for the payment of the said note. The case was submitted to the jury upon the following instructions:

"No. 3. You are instructed that in this case it is claimed by the defendants that the plaintiff made an extension agreement with one E. E. Walseth, acting for the Clear Lake Securities Co., whereby the time of payment was extended for a definite period of time, to-wit: One year, and you are instructed that before you can find an extension agreement was made you must find that there was a definite agreement existing between the plaintiff and said E. E.

Walseth wherein and whereby all the terms of the agreement were clearly and definitely understood by both parties and that the extension agreement was for a clear and definite period of time. The law is that a mere indulgence on the part of Zastrow in permitting the note to run without enforcing collection without any agreement as to the extension of the time of payment of said note does not constitute an extension agreement, and unless there was such definite agreement made the mere fact that Zastrow let the note run without enforcing payment, or the fact that he received from Walseth a higher rate of interest in itself would be no defense to this action, and if you find that such extension agreement, as hereinbefore defined did not exist, then it is not necessary for you to consider this case further for it would then be your duty under the law to return a verdict for the plaintiff for the full amount found to be due on the note upon which this suit is brought, which would be $3,109.90."

"No. 4. You are further instructed that in this case, as you have already noticed, there are two claimed defenses: First, that there was an extension agreement made as hereinbefore defined, without the knowledge or consent of the defendants; second, that the value of the real estate upon which the plaintiff held a second mortgage was sufficiently in excess of the amount of the first mortgage so that had the plaintiff enforced his mortgage at the time it is claimed the extension agreement was made he could have collected his note out of the security. As to both of these defenses you are instructed that the burden of proof is upon the defendants to prove by a preponderance of the evidence, first, as to the extension agreement, and, second, that the value of the real estate was equal to or in excess of the incumbrances which included both the first and second mortgages. You are further instructed that in determining the question as to the value of the real estate, upon which plaintiff held a second mortgage, as of the date when it is claimed by the defendants that the extension agreement was made by the plaintiff that the value means the reasonable market value of the land. You are instructed that you are not to consider the price at which the property would sell for under special or extraordinary circumstances, but the fair market value if sold under ordinary circumstances, and assuming that the owner was willing to sell and the purchaser was willing to buy. That is, in determining

the value you are not to consider the trade price, or price if sold on time with mortgages taken back. But the true and reasonable price in cash, or its equivalent on the day on which the extension agreement was made."

"No. 5. You are instructed that if you find the value of the land on the date that it is claimed the extension agreement was made was not in excess of the amount due on the first mortgage at that time, then and in that event your verdict should be for the plaintiff regardless of whether or not an extension agreement was made. In other words, you must find that the value of this land over and above the first mortgage incumbrance was equal to the amount due upon the note sued upon in this case on the date the extension agreement was made, provided, you find such extension agreement was made, in order to return a verdict for the defendants."

In addition to the foregoing instructions, the court submitted to the jury two special interrogatories, as follows:

"1. Did plaintiff and Clear Lake Securities Co., through E. E. Walseth about September first, 1922, agree upon an extension of time for payment of the $2500.00 balance of the note in question to July 29, 1923, with interest at seven per cent per annum?"

"2. If your answer to the first question is 'yes' then state what was the fair market value of the encumbered property on September 1, 1922?"

The court instructed the jury relative to these special interrogatories as follows: "You will see from the foregoing questions that it will be necessary for you as jurors to agree upon the answer to the first question, and when you have agreed upon your answer to that question you will write your answer therein and have your foreman sign the same. You will notice that if you answer the first question 'yes' then you as jurors, must agree upon the fair market value of the land in question in this case on September first, 1922, and write the amount as the answer to question No. 2, and have your foreman sign the same."

These special interrogatories were prepared by the defendants and submitted to the jury at their request. To the first interrogatory the jury answered, "No." The effect of this answer was to withdraw from the jury all consideration of the question of the value of the mortgaged premises. The jury returned a general

verdict in which they found for the plaintiff on all the issues, and judgment was entered for the full amount claimed in the complaint. Thereafter the court granted defendants' motion for a new trial, and plaintiff has again appealed.

The order granting a new trial reads, in part, as follows:

"It is hereby ordered, that defendants' motion for a new trial and for an order setting aside the Special Verdict and the General Verdict returned by the jury herein, and vacating the judgment heretofore rendered by the court herein in favor of the plaintiff and against the defendants for the sum of $3,109.90, together with the costs of said action be, and the same is hereby granted; and the Special Verdict returned by said jury finding in effect that plaintiff and the Clear Lake Securities Company did not agree upon an extension of the time for payment of the $2,500 balance of the note in controversy to July 29th, 1923, is hereby set aside, and the General Verdict returned by the jury herein, wherein the jury found all the issues therein in favor of the plaintiff and against the defendants and assessed plaintiff's damages at the sum of $3,109.90, be and the same is hereby set aside; and the judgment rendered by the Court upon such Special Verdict and General Verdict, directing that the plaintiff have and recover of and from the defendants the sum of $3,109.90, together with the costs of said action, taxed by the Clerk and inserted therein, be and the same is vacated and set aside, and the defendants are hereby granted a new trial of said action.

"This order granting the Motion of the defendants for a new trial of this action, is based upon the ground that the evidence submitted upon the trial of said action was and is insufficient to justify the Special Verdict, the General Verdict and the Judgment and Decision rendered by the Court herein in favor of plaintiff and against the defendants, and that such evidence was insufficient in the particulars set forth in detail in the specifications of error and particulars of the insufficiency of the evidence made and served by the defendants upon their motion for new trial herein and filed with the Clerk of this Court, and that the evidence is insufficient to justify said verdicts and judgment in the respects enumerated in paragraphs 'I' to 'IX' inclusive of the particulars, in which the evidence is insufficient made a part of defendants' Specifications of Error, made and served herein, reference to which par-

ticulars of the insufficiency of the evidence is hereby made and by such reference made a part hereof; and the court being specially of the opinion that there is no substantial evidence contradicting, or tending to contradict the testimony of witnesses called in behalf of the defendant relative to the extension of the time of payment of the note sued upon from July 29th, 1922, to July 29th, 1923."

Just why counsel for respondent considered so much repetition and circumlocution in this order necessary is not disclosed by the record, but having granted a new trial on the sole ground of the insufficiency of the evidence to justify the verdicts, general and special, all other grounds urged in support of the motion are deemed to have been overruled by the trial court. Trial Court Rule No. 30.

But it is not necessary to consider the sufficiency of the evidence. Defendants set up two affirmative defenses. Both are essential to their right to recover and they had the burden of establishing them both. They could gain nothing by proving the extension contract unless they also proved that the mortgaged property was worth more than enough to satisfy the prior incumbrance. This situation was recognized both by the instructions given by the court and by the special interrogatories prepared and requested by respondents. Court and counsel were all agreed that if there was no extension contract, the value of the property was not material and need not be considered by the jury. The case went to the jury on this theory. The jury found there was no extension contract. They then did what the court instructed them to do and what defendants by their interrogatory No. 2 requested them to do—disregarded the question of value. Now, respondents come into court and in effect say the question of value ought to have had consideration by the jury; that there is not sufficient evidence to support the special verdict nor the general verdict, therefore we are entitled to a new trial; in another trial we would submit the question of value and have it considered by the jury. This position is not tenable. The question of value was an issue under the pleadings. Evidence was submitted upon this issue by both parties and it would have been considered by the jury but for the special interrogatories submitted by defendants. This disposition of this issue is final. If there was error in withdrawing the issue from the jury, such error was consented to, if not actually brought

about, by defendants themselves, and they will not now be heard to complain. Spicer v. Webster City, 118 Iowa, 561, 92 N. W. 884, and cases cited. Defendants, having tried their case on one theory and lost, will not now be granted a new trial in order that they may try the case on another theory.

The order appealed from is reversed.

RUDOLPH, P. J., and ROBERTS, J., concurring.

CAMPBELL, J., absent and not sitting.

WARREN, J., disqualified.