Smith v. The Sioux City & Pacific R. R. Co.

---

## Smith v. The Sioux City & Pacific R. R. Co.

1. **Evidence :**. INSUFFICIENCY OF: APPEAL. To justify reversal for insufficiency of evidence, it must appear that there was no conflict in the proof, and that the verdict was not the result of the unprejudiced exercise of judgment on the part of the jury.

2. **Appeal :** INSTRUCTIONS. An instruction given by the court, of substantially the same purport as one asked by appellant, can not be objected to by him upon appeal.

| 38 | 173 |
| 86 | 686 |
| 38 | 173 |
| 93 | 86 |
| 38 | 173 |
| 109 | 457 |
| 109 | 584 |
| 38 | 173 |
| 118 | 562 |

*Appeal from Woodbury Circuit Court.*

WEDNESDAY, APRIL 8.

ACTION to recover double the value of a cow killed by a train of cars upon defendant's road at a place where there was no fence but where defendant had the right to fence. There was a verdict and judgment for plaintiff. Defendant appeals.

*Joy & Wright,* for appellant.

*Pendleton & Bailey,* for appellee.

Beck, J.—The objections to the judgment in this case are based upon the grounds that the verdict is in conflict with the evidence and that certain instructions given to the jury are incorrect.   Neither demands extended consideration.

I.   The defendant's counsel insist that the evidence shows the cow was struck by the train at the crossing of a public highway, and the finding of the jury to the contrary is in conflict with the testimony in the case. Upon this point there was a conflict in the evidence.   The defendant's witnesses testify that they were upon the train, operating it as conductor, engineer and fireman, and saw the cow when she was struck, which was at the crossing of the highway.   The plaintiff's witnesses state that the cow was found about one hundred feet from the crossing and no blood or other marks were found upon the track indicating that the cow had been struck at the crossing.   It may be that the evidence of the defendant is entitled to the most credit.   But it was the province of the jury to weigh the evidence, and they were satisfied that the absence of any marks or tracks of the animal at the crossing overcame the positive statement of the defendant's witnesses as to the precise point where the cow was struck by the car.   We cannot say that there was no conflict and that the verdict as to this point is not the result of the unprejudiced exercise of judgment on the part of the jury, which we must hold in order to justify a reversal of the judgment on the ground of insufficiency of evidence.

II.   The court directed the jury to the effect that if the cow came upon defendant's road, or was struck by the cars, at a point where defendant had a right to fence, they should find the injury resulted from the failure of defendant to fence its road.   Another instruction prescribed rules to direct the jury in determining whether the employes of defendant were negligent in operating the train.   Counsel for defendant insist that these instructions were erroneous, the first one on the ground that the rule of law embodied therein is incorrect and the second because there was no evidence offered by plaintiff tending to show negligence.   We will not discuss or consider the instructions with a view to determine

1. Evidence: insufficiency of: appeal.

2. Appeal: instruction.

their correctness or pertinency to the case as made by the evidence, but are of the opinion that if counsel's position in regard to them be true, defendant cannot now be heard to object to their correctness. The first one is substantially the same as an instruction asked by defendant at the trial. The giving of that instruction would not have been error of which defendant could have complained; neither can it be permitted to object to one of the same purport. The court may have been led into giving the instruction by the request of defendant, and most probably was.

We must say, too, that even were there no evidence of negligence, defendant cannot object to the instruction given on that subject, for the want of pertinency, for the reason that an instruction was asked at the trial in its behalf, based upon the view that the negligence of defendant was in issue.

It appears from the special findings of the jury that the cow neither came upon the track nor was struck at the highway crossing, and it is not disputed that the railroad was unfenced. No possible prejudice could have resulted to defendant from either of the instructions, admitting them to be erroneous.

AFFIRMED.