Campbell v. Ormsby.

CAMPBELL v. ORMSBY.

1. **Practice:** ASKING INSTRUCTION IS WAIVER OF ERROR IN. Where defendant, before the court instructed the jury, asked a certain instruction to be given, which the court did not give in that form, but gave another instruction to the same effect, *held* that defendant could not, on appeal, be heard to complain that such instruction was erroneous.

2. **Sale:** EVIDENCE: ORDER OF PROOF: STATUTE OF FRAUDS: PRACTICE. In an action on an oral contract of sale, it is competent to prove the contract, and afterwards to prove delivery under the contract. But where the subsequent testimony of plaintiff tended to show that there was neither payment nor delivery, such testimony was favorable to defendant, as tending to bring the case within the statute of frauds, and he cannot complain that a motion to strike it out was overruled,  Such motion was not the proper method of applying the statute of frauds to the case.

3. ———: DELIVERY: QUESTION FOR JURY. Whether there was a delivery in pursuance of the oral contract of sale in this case was properly submitted to the jury.

*Appeal from Palo Alto Circuit Court.*

TUESDAY, MARCH 18.

THE action was originally brought upon a promissory note. By an amendment to the petition, other causes of action were joined and declared upon by plaintiff.   There was a verdict and judgment for plaintiff.   Defendant appeals.

*Soper, Crawford & Carr,* for appellant.

*T. W. Harrison,* for appellee.

BECK, CH. J.—I. The petition, as amended, seeks to recover the balance due upon a promissory note executed by defendant; interest upon money advanced by plaintiff to buy stock, upon a written agreement between the parties for the prosecution of farming business as a co-partnership; for the refusal of defendant to furnish lumber and nails under that agreement, on account of which neglect and refusal the cattle of the partnership were without sufficient sheds, causing the loss of 10 of them; for taxes paid; and for a hay-fork. The defendant, in his answer, among other defenses, pleads that, by a written contract entered into between the parties, which was to take the place of the contract under which the partnership was formed, there was a full and complete accounting of all matters arising thereunder, and that plaintiff is barred from claiming to recover therefor. These contracts were introduced in evidence; and there was proof offered by plaintiff and admitted, tending to support the allegations of his petition in regard to the matters for which he seeks to recover in this action.

II. The circuit court in an instruction (the fifth) directed the jury that the last contract "purports to supplant and take

1. PRACTICE: asking instruction is waiver of error in.

the place" of the first; "and it is to be presumed that it was so intended to cover and did cover all the transactions between the parties arising under the contract" first made. "But such presumption may be overcome by evidence; and it is for the plaintiff to overcome such presumption in that way before he can recover for any of the items arising under the contract" first executed. This instruction is made the ground of objection to the judgment, the defendant claiming that the presumption referred to by the court is conclusive, and cannot be contradicted by proof. The position of counsel is that matters arising under the first contract were not for the consideration of the jury; a presumption, which is conclusive, arising upon the last contract, that they had all been settled. The correctness of the position cannot be the subject of inquiry, for the reason that, if the

instruction is incorrect, the error is waived by the defendant's asking the court to give an instruction holding substantially the same rule. That instruction is in this language: "If the jury find from the evidence that the contract entered into by the plaintiff and defendant   *   *   *   [the contract of settlement] was intended by the parties as a full and final settlement of all matters connected with their farming and cattle partnership, then the plaintiff cannot recover for the items of interest or money advanced by Campbell, nor for loss of stock which occurred during the continuance of the partnership business." This instruction was asked by defendant, as shown by the abstract, before the other instructions were given, together with another one holding that the last contract supersedes the first; but it does not convey the thought, by express language, that the presumption of the settlement of all matters growing out of the partnership is conclusive. The instructions asked clearly contemplate the rule that such presumption is not conclusive, and that it was for the jury to determine upon the evidence whether the parties intended a full settlement of all partnership matters. The instructions asked were refused by the court, for the reason, doubtless, that the rule they present was better expressed in the instruction given.

We have, upon this state of facts, the case of the defendant recognizing and insisting at the trial upon the very rule adopted by the court, and which is now complained of by him. But the law will not permit him to pursue this course. He cannot lead the court into an error by assenting to the doctrine of an instruction in which the error is found, and in this court seek to reverse the judgment on the ground of the error. *Smith v. Sioux City & Pacific R'y Co.*, 38 Iowa, 173; *Weller v. Hawes*, 49 Id., 45.

III. Touching the hay-fork, for which recovery is sought in the petition, plaintiff in his examination in chief testified

2. SALE: evidence: order of proof: statute of frauds: practice.

as follows: "As to the hay-fork and derrick, when he (defendant) came down to buy the cattle, he said he would take it off my hands at $18,

what it cost. He did not pay for it. He refused to take it."
Upon his cross-examination he testified as follows: "He
(defendant) said he would take the hay-fork and the derrick
to his farm in O'Brien county; he did not take it; he never
paid anything on it." Thereupon the abstract shows that
"defendant moves to strike out all the evidence of witness as
to the hay-fork and derrick, it appearing that there was no
delivery of the property and no amount paid. Motion over-
ruled, defendant excepts." Plaintiff further testifies that
"at the time of the talk of the derrick it was on the farm. I
think the fork was there, but am not certain. I had ordered
it, anyway; and he was to take it." The objection to the evi-
dence was upon the ground that, as there was no evidence of
either payment for or of delivery of the fork and derrick, the
sale could not, under the statute of frauds, be shown by oral
evidence.

The evidence objected to shows a contract of sale; but
defendant claims that it also shows that there was neither
payment nor delivery. The motion was directed against all
of the evidence, both that which shows the oral contract of
sale, and the non-payment and non-delivery. That part of the
evidence which shows non-payment and non-delivery is favora-
ble to defendant; for upon it he bases his position that the trans-
action is within the statute of frauds. He surely cannot com-
plain on the ground that it was not stricken out. The part
of the evidence showing the oral contract of sale was prop-
erly permitted to stand, for the reason that plaintiff was
authorized to show a subsequent delivery pursuant to the
sale, by evidence to be afterwards offered. Parties are not
restricted as to the order of the introduction of their evidence.
Plaintiff could first show an oral contract of sale, and follow
it at any time during the trial, when, under the rules of
practice, he was authorized to introduce proof, by evidence
of delivery made pursuant to the sale. In the exercise of
this right, plaintiff testified that he left the fork upon the
farm. It ought to be here observed that the farm cultivated

under the partnership contract belonged to defendant, and that plaintiff, after the second contract, removed from it. It was for the jury to say, upon all the evidence, whether the fork was delivered to defendant pursuant to the sale testified to by plaintiff. Defendant should have asked for proper instructions upon this point of the case. Having omitted to do so, he cannot complain of results. He surely pursued an improper course in attempting to apply the statute of frauds to the case by his motion to exclude the evidence referred to above. It was correctly overruled.

3. ——: delivery: question for jury.

The foregoing discussion disposes of all questions considered by defendant's counsel in their argument. Other questions raised by the assignments of errors are not discussed. We cannot therefore pass upon them. It is our opinion that the judgment of the circuit court ought to be

AFFIRMED.