ANTONE ANDERSON, Appellee, v. HENRY ANDERSON,
Appellant.

**Sales:**  WARRANTY: BREACH.  A joint purchaser of mortgaged per-
1  sonal property, who has assumed payment of the mortgage as
part of the purchase price, can not assert the mortgage as a
breach of the warranty contained in a bill of sale transferring,
to him the other joint owner's interest in the property.

**Same:**  STATUTE OF FRAUDS.  A contract between joint owners of
2  mortgaged property by which one undertakes, as part considera-
tion for the transfer to him of the entire interest, to pay the
entire mortgage debt is not within the statute of frauds.

**Instructions.**  A party can not complain of instructions which are
3  in accord with his own theory as to the amount of recovery.

*Appeal  from  Harrison  District  Court.*—HON.  W.  R.
GREEN, Judge.

Tuesday, April 4, 1911.

ACTION to recover an amount paid by plaintiff upon a promissory note, jointly executed by the parties to this suit, which plaintiff alleges defendant assumed and agreed to pay. Defense a general denial and a counterclaim by defendant for one-half the amount paid by him as commission for selling some land jointly owned by the parties. Some other issues were tendered by the defendant, part of which were withdrawn by his counsel, and others were taken from the jury by direction of the court. The trial resulted in a verdict for plaintiff, and defendant appeals. —*Affirmed.*

*J. S. Dewell,* for appellant.

*S. H. Cochran,* for appellee.

DEEMER, J.—The parties to this action are brothers, and, prior to October of the year 1907, were engaged as partners in a mercantile business at Cottonwood, Minn. Some time in that month they traded this business to one Paul for real estate and other property near Alliance in the state of Nebraska. The property received by them in the exchange was three thousand and forty acres of land at $15 per acre, seven hundred and thirty-six head of sheep, eleven head of horses, three cattle, two hogs, some old grain, and the machinery used on the property amounting to $1,468. The sheep were invoiced at $5,152, and the total consideration was $52,120. In making the exchange each of the parties turned in some of his own personal property, and defendant furnished $2,620 more than his share. For the amount of this difference plaintiff and his wife gave defendant a note. Not desiring to retain any interest in this property, plaintiff entered into negotiations with the defendant, whereby he claims that on

October 2, 1907, he transferred his interest in all the personal property on the ranch to his brother, at the same time giving him a note signed by himself and wife for the sum of $1,800. In order to give defendant title to the property and as part of the transaction, plaintiff executed to the defendant a bill of sale covering an undivided one-half interest in one thousand, one hundred and eighty-five head of sheep and lambs, thirteen horses, two cows, two two year old steers, and one calf. This bill of sale contained the usual covenants of warranty and was executed on October 28, 1907. The parties also being desirous of selling the real property, it was agreed that the same should be placed upon the market and sold as soon as practicable. This land was afterwards sold through the agency of one Montgomery, and defendant claims that he paid to the agent the sum of $1,600 in cash and became personally obligated to him to pay $400 more, which latter amount has not been paid. For the half of this commission defendant asked judgment on his counterclaim.

Plaintiff says that he was not to pay any part of the commission, and that what came to him was to be net; thus arises the issues in one of the counterclaims tendered by defendant. There was a mortgage upon part of the personal property conveyed to the defendant represented by two notes in the sum of $2,500 each, which was outstanding at the time the parties made their partial settlement and agreement in October. Plaintiff claims that, as part of the consideration for his agreement, a bill of sale for the transfer of his interest in all the personal property acquired by the parties jointly was executed, and that defendant agreed to pay both of these outstanding notes; that he (defendant) paid one of them, but refused to pay the other; and that plaintiff since that time has been compelled to take up the note, and he now asks judgment for the amount he paid with interest to date. Thus arises the issue presented by plaintiff in his petition.

The defendant denied this agreement and pleaded that plaintiff was indebted to him for more than the amount of this note because of his having paid more into the partnership venture than the plaintiff. Defendant claims that the property transferred to him by the bill of sale was all taken from him · under the mortgage of which mention has already been made, and that by reason of the existence of this mortgage the covenants of warranty in the bill of sale were breached, and that because thereof he (defendant) has been damaged in a large sum, and for that amount he asks ·judgment. During the progress of the trial, defendant's counsel withdrew all claims set out in his answer arising prior to the settlement of October 2, 1907, and the trial court in its instructions said to the jury that there was not sufficient evidence to sustain defendant's counterclaim based upon the alleged warranty of title to the sheep. The issue as finally presented is clearly set forth in the instructions given by the trial court, from one of which we ·quote the following: "You will observe that, as the case now stands, there are only two matters to be submitted to you: The first relates to whether the defendant is liable to plaintiff by reason of his failure to pay one of the notes for $2,500 referred to in the petition. The second is whether the plaintiff is liable to defendant for one-half of the commission paid on the sale of the ranch."

The verdict upon these instructions was for the plaintiff in the sum of $1,922.10. From this it is apparent that the plaintiff was allowed the amount of his claim for the amount paid by him on the note, and that defendant was allowed the sum of $800 on his counterclaim for commissions paid. In virtue of the withdrawal by defendant's counsel of all matters in controversy arising prior to October 2, 1907, it will be observed that the trial court was correct in limiting the issues presented by defendant in his counterclaim to the amount he sought to recover for· com-

missions paid, unless it be found that there was error in refusing to submit the claim for breach of warranty.

It will be observed from the statement already made that this warranty was made in the bill of sale which transferred the property theretofore jointly owned by the parties to the defendant, and that, if plain-

1. SALES: warranty: breach.

tiff is to be believed, defendant undertook, as part of the consideration for the transfer of all plaintiff's interest in the personal property to him, to pay the entire amount of this incumbrance. In any event, he admits that he was obligated by reason of having joined in the mortgage to pay half of it. If plaintiff's contention with respect to the consideration for the transfer of the property be correct, then the court was justified in finding, as a matter of law, that there was no breach of the warranty contained in the bill of sale.

The trial court refused to permit defendant to show that the sheep covered by the bill of sale were taken from him by the mortgagee or his representative and sold. Objection to testimony tending to show the amount of damage which defendant sustained by reason of this claimed breach of warranty was also sustained. These rulings are complained of, and it is insisted that under the issues tendered by the defendant these matters should have been submitted to the jury. If defendant be in such position that he can not claim there was any breach of warranty, it is immaterial what became of the property conveyed to him by the bill of sale, and in no event would defendant be entitled, in view of the record now before us, to counterclaim for breach of warranty. If he paid more for his joint obligations than he was required to do, the mortgage being his as well as plaintiff's his remedy would be an action to recover from plaintiff the amount which he paid in excess of the sum he should have paid as a joint obligor; for, as we have already said, there was not, under the facts disclosed in this case, a breach of the war-

ranty in the bill of sale. It is admitted that in making
the exchange and acquiring the title to the ranch and the
personal property defendant furnished something like
$2,620 more 'of his own property than did the plaintiff,
and it is claimed by defendant that this constituted the
consideration in part at least for the conveyance to him
of plaintiff's undivided one-half of the personal property.
This is denied by plaintiff, who asserts that at the time of
the transaction a settlement or partial settlement was had,
and that, in addition to turning over his interest in the
personalty, he gave to the defendant a note for the sum of
$1,800 signed by himself and wife. In view of the testi-
mony adduced in support of these various claims, the
question' was one of fact for the jury. The jury evi-
dently found in favor of plaintiff, and the verdict has
such support that we should not interfere with it.

· A letter written by plaintiff to defendant under
date March 18, 1908, with reference to the land and
the commission for the sale thereof, was introduced in
2. SAME: statute    evidence over defendant's objections.   There
of frauds.          was no error in this ruling. Assuming, how-
ever, that it was erroneously admitted, no prejudice re-
sulted because defendant was allowed to recover upon his
claim that he had paid more of the commission charged
for the sale of the land than he was obligated to pay. The
agreement relied upon by plaintiff in support of his peti-
tion, although in parol, is not within the statute of frauds,
as claimed by the defendant. It was not a collateral prom-
ise to pay the debt of another, but a direct agreement
based upon an adequate consideration passing from plain-
tiff to pay a certain debt. It was a distinct independent
promise and one not within the statute of frauds. *Bowen
v. Kurtz,* 37 Iowa, 239; *Morrison v. Hogue,* 49 Iowa, 574.

Complaint is made of an instruction given by the court
to the effect that, if defendant showed himself entitled to
recover commissions paid, he should be allowed the sum of

$800, being one-half of the amount then paid by him in cash, to the agent for the sale of the land.

3. INSTRUCTIONS.

The exact point here made is that, as defendant claims he had obligated himself to pay $400 more, his recovery, if he is entitled to anything, should have been in the sum of $1,000. It is sufficient to say, in answer to this, that defendant in an instruction asked by him requested that the jury be charged to return a verdict for the defendant on this issue, and stated that the amount which he would be entitled to recover was the sum of $800. Having thus fixed the amount which he claimed he was entitled to under the issues and the evidence, he is in no position to complain of the court in adopting his theory as to the amount of the recovery. This is fundamental law sustained by numerous cases. See *Bryce v. Railroad Co.*, 128 Iowa, 483; *Padelford v. Eagle Grove*, 117 Iowa, 616; *Barron v. Collenbaugh*, 114 Iowa, 71; *Dalton v. R. R. Co.*, 114 Iowa, 257; *Weller v. Hawes*, 49 Iowa, 45; *Campbell v. Ormsby*, 65 Iowa, 518; *Smith v. Sioux City*, 38 Iowa, 173.

Finding no prejudicial error in the record, the judgment must be, and it is, *affirmed.*