JACOB G. KREHBIEL, Appellant, v. W. L. HENKLE, Appellee.

**MALICIOUS PROSECUTION:** Want of Probable Cause—Search
1   Warrant Proceeding—Return of Property—Effect. "Want of probable cause," in suing out a search warrant, is not *conclusively*

established by a judgment of the magistrate that the property seized "is not the property sought for by said warrant and probable cause for issuing said warrant has not been proven."

MALICIOUS PROSECUTION: Want of Probable Cause—Taxation
2　of Costs—Effect. Neither want of probable cause nor malice may be inferred, on the part of one causing a search warrant to issue, from the fact that the magistrate, in entering judgment for the return of the property to the one from whom taken, because not the property sought for by the warrant, taxed the costs to the one causing the warrant to issue.

APPEAL AND ERROR: Assignment of Errors—Omnibus Assign-
3　ments. An omnibus assignment of error covering numerous indefinite items or points, for an understanding of which the court must search through the abstract, imposes no duty on the court. (Rule 53.)

TRIAL: Instructions—Form, Requisites and Sufficiency—Correct But
4　Not Explicit—Waiver. If an instruction is correct, as far as it goes, though not as explicit as desired, request must be made for the more explicit instruction; or the right thereto, if it exists, will be waived.

APPEAL AND ERROR: Who May Allege Error—Invited Error.
5　One may not invite error and then complain. So held where attempt was made to predicate error on instructions given which were substantially the same as those requested by complainant.

*Appeal from Lee District Court.*—L. J. Horan, Judge.

Wednesday, December ¹3, 1916.

Action to recover damages for the alleged malicious suing out of a search warrant, under which it is claimed that plaintiff's house was wrongfully searched. Verdict and judgment for the defendant in the court below. Plaintiff appeals. —*Affirmed.*

*T. B. Snyder* and *S. K. Tracy,* for appellant.

*Hollingsworth & Blood* and *R. N. Johnson,* for appellee.

Gaynor, J.—I. The basis of the action here is the

alleged wrongful and unlawful suing out of a search warrant,

1. MALICIOUS PROS-
ECUTION: want
of probable
cause: search
warrant pro-
ceeding: return
of property:
effect.

under which it is claimed that plaintiff's premises were unlawfully invaded and searched.

This is the third appeal in this case. The first appeal was determined and an opinion filed on the 1st day of June, 1909. See 142 Iowa 677. The second appeal was determined on February 17, 1911. See 152 Iowa 604. In the first appeal, a verdict was directed for the defendant. In the second appeal, the jury returned a verdict for the defendant. In the second appeal, the cause was reversed for an error of the court below in an instruction given to the jury touching the question of damages.

On the trial from which this third appeal is taken, the issues were substantially the same as on the former trials, and the facts proven substantially the same, except as noted in this opinion. A statement of the issues and the facts is quite fully set out in the opinion filed on the first appeal. We therefore refrain from setting out the issues and facts in this opinion, except as they are modified or changed by the record as presented on this appeal.

Upon the return of the case to the district court, after the determination of the second appeal, the defendant amended his answer, specifically denying certain of the allegations found in the original petition, especially denying that the words, "if the pictures are supposed to be locked up in trunk, and key is not delivered, bring the trunk," were inserted in the search warrant at the wilful and malicious request of the defendant, and specifically denying other allegations, and further affirmatively alleging that the findings of the justice were wrong and not supported by the evidence, and that the pictures in question were the pictures taken from the Henkle School, and that this defendant did have probable cause for suing out the search warrant, and further alleging that Martha Richardson did not appear at said trial and took no part therein, and that the defendant

in this case claims no right or title to the pictures, or that he owned the same.

Upon the filing of this amendment by the defendant, the plaintiff filed a reply, alleging that the ownership of the property and the fact of want of probable cause for issuing search warrant, were adjudicated by the judgment of the justice of the peace before whom the search warrant proceedings were tried and determined. This reply was stricken on motion of the defendant.

Thereupon, on March 19, 1914, plaintiff filed, or offered to file, an amendment to his petition, alleging the same facts as set out in his reply. This amendment, on motion, was also stricken. The action of the court in refusing to allow plaintiff to file this amendment is the first error assigned. Upon the trial of the case, the judgment of the justice in the search warrant proceedings was admitted in evidence without objection. In the discussion of the question here raised, it is well to have before us the substance of that judgment. The case before the justice was entitled, ''The State of Iowa v. Martha Richardson,'' and the judgment entry in the case, so far as material to this controversy, reads as follows:

''And now on this 5th day of March, 1906, the court, after a careful consideration of the evidence, finds that the property in court, namely, four pictures, The Rough Riders, Warships, An English Scene, and Rock of Ages, are not the property sought for by the above warrant, and that the evidence does not show that a probable cause for issuing said warrant has been proven. Therefore, it is the judgment of the court that the property be returned to the party whom it was taken from, Mr. Jacob Krehbiel, and judgment rendered against the prosecuting witness, W. L. Henkle, for the costs of the suit, which is taxed at $20.60. This includes $7.55 on the book of Justice J. G. Lauterbach.''

This is the finding and judgment entry of the justice in the search warrant proceedings on which this plaintiff

rests his plea of *res adjudicata,* and which, he says, conclusively establish that there was no probable cause for suing out the search warrant, and conclusively establish that the property or pictures taken under the warrant, and produced in court, were not the property or pictures claimed by the defendant. The affidavit filed by the defendant, upon which the search warrant proceedings were founded, recites:

"That on the 8th day of June, 1905, there was feloniously taken from the schoolhouse . . . the following pictures: The Rough Riders, Warships, An English Scene, Rock of Ages, and that he, the affiant, has good reason to believe that Martha Richardson has said property in her possession, and they are now supposed to be secreted at or about the house of Jacob Krehbiel."

The ownership of these pictures is not stated in the affidavit. The ownership, therefore, was not an issue directly raised by the affidavit, and came into the case only as an incident in the trial. The allegation is that they were feloniously taken from the schoolhouse, and that affiant has good reason to believe that Martha Richardson has them in her possession, and that they were, at the time the affidavit was made, secreted in the home of Jacob Krehbiel.

The question raised by the affidavit is whether or not certain pictures described in the affidavit were feloniously taken from the schoolhouse; whether the pictures so taken were in the possession of Martha Richardson and secreted in the house of Jacob Krehbiel. The search warrant issued directed the officer to whom delivered to search the home of Jacob Krehbiel for the property described in the affidavit. Such search was made in obedience to the warrant. Certain pictures were found and produced in obedience to the warrant. They were exhibited upon the trial in the justice court. The only finding of the justice is that the property produced in court is not the property sought for by the warrant. The property produced was taken from the home

of Jacob Krehbiel. It was, therefore, returned to him. Our statute provides (Section 5562, Code, 1897):

"If it appear that the property taken is not the same as that described in the warrant, . . . the magistrate shall cause it to be restored to the person from whom it was taken."

The mere finding by the. justice that the property taken is not that described in the warrant, requires an order of restoration. This portion of the statute, the justice followed in making his order. The ownership of the property was not involved; nor was it essential that the court find the ownership of the property to be in anyone, to justify this finding. If the property produced by virtue of the search warrant is not the property described in the search warrant, it is returned to the person from whom it is taken, as the statute directs. The controversy there did. not involve the ownership of the property. This was as far as it was necessary for the court to go in disposing of the case. This same statute also provides, however:

"Or that there is no probable cause for believing the existence of the grounds on which the warrant was issued, the magistrate shall cause it to be restored to the person from whom it was taken."

The justice court, in its finding and judgment, does not affirmatively say that there was no probable cause for believing the existence of the ground on which the warrant was issued, but says that the evidence does not show that a probable cause for issuing the warrant has been proven. That finding does not involve an issue tendered, nor a finding necessary to the disposition of the controversy; for, even if it were found affirmatively that there was probable cause for issuing the warrant, yet the finding that the property taken under the warrant is not that described in the warrant, necessitated an order for the return of the property to the person from whom taken.

We take it, therefore, that the finding of the justice upon the issue as to the probable cause was not an affirmative finding of want of probable cause, but, rather, a negative finding that, upon the trial, probable cause was not shown for issuing the warrant. However that may be, we are satisfied that the finding made was not a finding conclusive upon this defendant that there was no probable cause for believing that the facts stated in the affidavit were not true. Indeed, an examination of the record in this case shows the testimony of this plaintiff to be that pictures like those described in the warrant were in the schoolhouse. He says that pictures "Rough Riders" and "Battleships," similar to those produced, were in the schoolhouse, were taken off the walls, put in the stove and burned. Pictures similar to "An English Scene" and "Rock of Ages" were taken off the wall and put in the stove and burned. There were other pictures taken off the wall and burned. He says they were similar to the ones in evidence. "I cannot say whether they were like them or not."

We might assume, for the purposes of this case, that the pictures found in Krehbiel's house were not the same pictures that were hanging in the schoolhouse, but the jury might well find in this case that Miss Richardson had charge of the schoolhouse and of these pictures; that they were there on the walls of the schoolhouse; that they disappeared; that similar pictures were found in her possession in the plaintiff's home; that defendant had reasonable cause to believe (though, we may assume, mistakenly) that the pictures in the plaintiff's home were the same pictures once upon the walls of the schoolhouse, and taken to the plaintiff's home by Miss Richardson. There might well be many pictures answering the description of the pictures described in the warrant. They seem to have been prints. We hold, therefore, that the finding of the justice was not conclusive as to want of probable cause, and, therefore, not the subject of plea, but a matter of proof bearing upon the question of

want of probable cause, and, at best, was but prima-facie evidence of want of probable cause.

In trials before a justice, or upon indictment, involving the guilt or innocence of the party charged, a finding that he is not guilty settles only the ultimate fact that the evidence introduced upon the trial does not show beyond a reasonable doubt that he is guilty. Such finding does not involve a determination of a question as to whether the prosecuting witness had probable cause for believing him guilty, at the time the information was made or the indictment found. The court, sitting as a committing magistrate and conducting a preliminary hearing, has before him for consideration the question of probable cause, and if, upon the preliminary hearing, he finds that a crime was committed, and that the evidence shows probable cause for believing the defendant guilty of the commission of the crime, the magistrate binds the defendant over to answer to the grand jury. If he finds no probable cause for so believing, he discharges the accused. The magistrate, after a full hearing, determines that upon such hearing there is no probable cause, in fact, for believing the party guilty of the offense charged, and upon this finding, based on the evidence adduced, he discharges the defendant. He finds the ultimate fact that there was no probable cause for believing the defendant guilty of the charge, but he cannot and does not determine, even in such a finding, that the prosecuting witness had no probable cause for believing him guilty, at the time of the filing of the information. The finding of the justice rests upon a hearing made. The belief of the prosecuting witness rests upon facts, matters and information which had come to his knowledge before the filing of the information, which, supposing him to be a man of ordinary prudence, judgment and discretion, were sufficient to lead him to believe the party guilty of the offense charged.

There is a clear distinction between a finding that there was in fact no probable cause for holding the defendant to

answer, and the assertion that the party filing the informa-
tion, at the time, was not justified, acting as a reasonably
prudent man would act under like circumstances, in believ-
ing the party guilty of the offense.   The justice determines,
when sitting as a committing magistrate, not the guilt or
innocence of the accused, but whether the facts exposed on
the trial were such as tended to show that the accused was
probably guilty of the commission of a public offense.   Thus
it has been repeatedly held by this court that, if the defendant
honestly thought the facts alleged in the information,—or in
the affidavit, in this case,—were true, and this belief was based
upon a knowledge of facts and circumstances tending to show
that they were true, which was sufficient to induce an ordi-
narily reasonable and cautious person to believe them true,
and he did so believe them true, he is justified in commencing
the prosecution, and cannot be said to be without probable
cause for so doing.   The sufficiency of the facts and circum-
stances which had come to his knowledge, and upon which
he acted, to justify him in the belief, is ordinarily a question
for the jury.

In *Donnelly v. Burkett,* 75 Iowa 613, 616, it was held
that the defendant had probable cause, if he honestly thought
the accused person guilty, and his belief was based upon a
knowledge of facts and circumstances tending to show guilt
which were sufficient to induce an ordinarily reasonable and
cautious man to believe him guilty.   This, of course, is on
the assumption that he used reasonable care to ascertain the
facts before acting.   See also *Philpot v. Lucas,* 101 Iowa 478.
In this last case it is said, in substance, that the discharge
of a person upon preliminary examination is prima-facie
evidence of want of probable cause.   In *Hidy v. Murray,* 101
Iowa 65, this rule is approved:

" 'The discharge of the plaintiff by the examining magis-
trate is prima-facie evidence of the want of probable cause,
sufficient to throw upon defendant the burden of proving
the contrary.'   It is true the authorities are not uniform,

but the above rule seems to be well sustained on authority, and is the more reasonable one. It is not to be thought that this rule in any sense impairs the general rule of this state that, in cases for malicious prosecution, the burden is on the plaintiff to show both malice and want of probable cause. The rule of this case obtains after a prima-facie showing, in some way, of a want of probable cause, so as to shift the burden."

The holding of the case is that the discharge of the accused makes a prima-facie case of want of probable cause in fact, and casts the burden on the defendant of showing that, though there was no probable cause in fact, yet he, as a reasonably prudent man, acting cautiously and with due regard to the rights of the accused, had reason to believe and did believe the facts charged in the information to be true.

Thus is the thought that there was no cause in fact differentiated from the thought that the plaintiff had reasonable cause for believing the accused guilty at the time of the filing of the information, and that, though the finding makes a prima-facie case that there was no cause, it does not negative the good faith of the prosecutor, nor establish conclusively, as against him, that, at the time he made the complaint, the facts and circumstances known to him at the time were not such as would justify the belief of a reasonable man that the person charged was guilty of the crime for which he was prosecuted. Or, in other words, the fact that the court's action makes a prima-facie case that there was no cause, does not preclude the defendant from showing, by way of defense, that he honestly thought the person guilty, and that this belief was based upon a knowledge of facts and circumstances, or information tending to show guilt, sufficient to induce an ordinarily reasonable and cautious man to believe the accused to be guilty. To recover damages in an action based on malicious prosecution, the burden of proof rests upon the plaintiff to show at least two things: (1) That the

plaintiff had no probable cause for believing the facts alleged as a basis for the prosecution to be true; (2) that he acted with malice.

It is true that malice may be inferred from a total want of probable cause, but a want of probable cause cannot be inferred from malice, however great. On the first proposition, we think the court did not err in striking the amendment from the petition; that the fact pleaded was evidentiary and not issuable, and the plaintiff had all the benefit of it as evidentiary matter.

What we have said disposes of plaintiff's contention that the judgment for costs against the defendant is evidence that the action was malicious, or without cause. It does not 2. MALICIOUS PROS- negative the fact that the defendant had rea-
ECUTION: want sonable grounds for believing the facts al-
of probable
cause: taxa- leged in the information to be true, and did
tion of costs:
effect. so believe at the time the same was filed. Nor does it negative the fact that, as a reasonably prudent and cautious man, he had probable cause for believing that the facts alleged were true.

II.    The next contention on the part of the plaintiff is that the court erred in the admission of evidence. Under the head of "Points Relied Upon," it is said that "the court 3. APPEAL AND ER- erred in overruling plaintiff's objection to the
ROR: assignment evidence of the defendant. The court erred
of errors: omni-
bus assignments. in rulings on the admissions of evidence. See Abstract 35, 1, 4; 36 1, 2; 45 1, 15," etc. Our attention is not called to any specific error committed by the court in either admitting or rejecting evidence, but it is said: "The principal rulings to be discussed under this heading are intimately connected with those considered in the preceding division" (the one we have just discussed); and the complaint in the argument is that the defendant was permitted to offer evidence showing the identity of the pictures taken under the search warrant, and that the pictures so taken were the pictures taken by defendant's son to the schoolhouse. The

argument refers us to the abstract for this evidence. It is claimed that this evidence was incompetent, because it tends to impeach the judgment of the justice. The record is long. This method of presenting error does not comply with the rules of this court. We would be justified even in refusing to consider this phase of the case. We have, however, examined the record touching this matter, and find no ground for interfering with the action of the court, based upon this complaint.

It is next contended that the court erred in its instructions to the jury, and it is said that the court erred in giving its instructions numbered from 5 to 14 inclusive, and in giving instructions numbered 19, 21, 22, 24 and 26, and in refusing to give instructions asked by the plaintiff, numbered from 2 to 19 inclusive, and from 22 to 27 inclusive. The first complaint of these instructions is that they submit to the jury for its determination whether or not the defendant had probable cause for suing out the search warrant. This, we think, was properly submitted under the holding which we have heretofore made.

As has been frequently said by this court, the instructions must be considered as a whole. If, as a whole, they fairly and fully present the law that should guide the jury 4. TRIAL: instruc- in its deliberations and light them on their tions: form, re- quisites and suf- way to a final conclusion as to the rights of ficiency: cor- rect but not ex- the parties, under the issues tendered, they plicit: waiver. are sufficient. A careful reading of these instructions as a whole satisfies us that the law of the case was fairly and fully presented to the jury. No new propositions are involved. Every question has been repeatedly passed upon by this court. No good purpose would be served in reviewing them. Many of the instructions complained of were asked by the plaintiff in substantially the language in which they were given. If they contained error, it is error of which the plaintiff cannot complain. Nowhere in the instructions asked did the plaintiff request the court

to say to the jury that the finding of the justice was conclusive on the question of probable cause.

The 19th instruction requested by the plaintiff was as follows:

"In this connection, the jury may consider whether any pictures had been, in fact, stolen, or feloniously taken, from the schoolhouse referred to in the affidavit; what grounds or reasons, if any, the defendant had on which to base his charge that pictures had been feloniously taken or stolen from said schoolhouse; whether said pictures belonged to defendant, or whether he had any personal right to them; the fact that in his affidavit the defendant does not claim to own or to have any interest in the pictures charged to have been feloniously taken from the schoolhouse referred to; and all the surrounding facts and circumstances developed before you on the trial, and, in the light of all the evidence, determine whether the defendant brought and prosecuted the search warrant proceedings in good faith; or whether he acted with malice in that matter, as malice has been defined in these instructions."

5. APPEAL AND ERROR: who may allege error: invited error.

In view of this request, he cannot complain that the court submitted these questions to the jury for its determination. Two questions were for the jury: (1) Did the defendant in this suit have probable cause for suing out the search warrant? (2) Did he act maliciously in so doing? Around both these questions, the evidence centered. Both these questions were submitted to the jury, under proper instructions, for its determination. As to both these questions, the burden rested upon the plaintiff. Two juries have found against the plaintiff's contention. We think the plaintiff has no ground for complaint of the manner in which his cause was submitted and disposed of at this trial.

We find no error in the record, and the cause is—*Affirmed.*

EVANS, C. J., LADD and SALINGER, JJ., concur.