Cora Odegard, Administratrix, Appellee, v. W. M. Gregerson, Appellant.

No. 46354.

JANUARY 11, 1944.

Breese & Cornwell, of Mason City, for appellant.

L. A. Moe and Senneff & Duncan, all of Mason City, for appellee.

WENNERSTRUM, J.—Plaintiff, as administratrix of the estate of Walter R. Odegard, deceased, brought suit against the defendant for damages, and in her petition alleged that defendant negligently operated his automobile, which negligence caused a collision with the car driven by the decedent. It is asserted that the damages claimed by plaintiff include the following: Loss to his estate by reason of the death of the decedent; the expenses attendant to hospital and medical services rendered; repairs to his automobile; and also damages by reason of burial expense incurred prior to decedent's anticipated expectancy of life. The defendant pleaded a general denial, and during the trial, by various motions, asserted that the plaintiff's intestate was guilty of contributory negligence. The trial court submitted the case to the jury, which returned a verdict in favor of the plaintiff. The defendant's motion for a new trial and exceptions

to instructions were overruled. Judgment was thereafter entered against him. He has appealed.

The accident which resulted in the litigation now before us for review occurred at the intersection of Federal Avenue and Sixth Street Southeast in Mason City, Iowa, about 4:45 o'clock a. m. on Sunday, August 10, 1941. Federal Avenue is a part of a federal north-and-south highway which is designated as U. S. Highway No. 65. Sixth Street intersects this highway and to the east of it the street is referred to as Sixth Street Southeast and the intersecting street, to the west, is known as Sixth Street Southwest. At the intersection of these streets there is an official "Stop" sign requiring traffic to stop before entering Federal Avenue. Federal Avenue is forty-six feet wide at the place where the collision occurred and Sixth Street at this intersection is forty-one feet from curb to curb. This intersection is in the business district of Mason City and is in a twenty-mile-per-hour speed zone. Prior to the collision that occurred at the intersection of the two streets heretofore referred to, the appellant was driving north and approaching Sixth Street. The decedent, just prior to the accident, had driven to the intersection of the two streets from the east, stopped momentarily and then proceeded across the highway to the west. The collision which resulted in the death of the appellee's intestate occurred just after the decedent's automobile passed the center of Federal Avenue. The testimony shows that the Odegard car was struck on its left rear side.

In order that the facts concerning the collision may be more definitely set forth, we shall quote portions of the testimony of certain of the witnesses.

Dale Shafer, an attendant at an oil station located on the southeast corner of the intersection, testified:

"I was looking out of that window toward the south and saw Mr. Gregerson's automobile go northward past the station on Federal Avenue. I would say that the left-hand side of his car would be even with the black line in the middle of the street. As I remember it, the car stayed about there as it passed through my line of vision. He was traveling a pretty good rate, thirty, thirty-five miles, maybe. * * * It was daylight when the crash occurred. * * * After the accident I scooped up some glass on

the street. The glass was strung along the curb by the lamp post, some strung out along in the middle of the street. * * * The left-hand side of the Odegard car was smashed. The left door of the Odegard car was open after the accident. The right-hand side of his car was not damaged. Just the front end of the Gregerson car was damaged. The right door of the Odegard car was closed after the accident.''

Oscar Wiser, who was in the car with the decedent at the time of the accident, testified:

"Mr. Odegard was driving the car and was going to take me home. I was seated beside the driver. There was no one else in the car. We approached Federal Avenue on Sixth Street Southeast from the east. We were driving west.''

This witness further testified, in substance, that Mr. Odegard stopped before entering the intersection of Sixth Street Southeast and Federal Avenue; that he recalled proceeding into the intersection; that the front of the Odegard car was past the center of the intersection at the time it was struck and that it had passed the center line of Federal Avenue when it was struck by the other car.

Wiser further testified:

"I was thrown out of the car by the impact but sustained only minor injuries. Odegard was thrown out of his car. Both of us were thrown out of the driver's or left-hand side. * * * I did not see the Gregerson car before it collided with Odegard's car. Odegard's car kept going straight ahead until the collision.''

Further testimony given by Wiser was to the effect that the speed of the Odegard car remained about the same from the time it entered the intersection until the collision and that he did not hear Odegard make any statement or exclamation just before the collision.

Everett Richardson testified that on one occasion Gregerson told him that the accident was his fault and he thought it would be taken care of. Mrs. Cora Odegard, the wife of decedent, testified that after the funeral Mr. Gregerson came to her home

and visited with her concerning the accident, and relative to this conversation she testified as follows:

"He said he was sorry he did not see the car but not to worry, that everything would be taken care of."

Mrs. Everett Richardson, a sister of Mrs. Odegard, also testified that after Mr. Odegard's funeral Mr. Gregerson was at the home of Mrs. Odegard. Mrs. Richardson's testimony, in part, was:

"He said he was sorry about the accident and for her not to worry—he was sure it would be taken care of. He said he did not see the Odegard car."

W. M. Gregerson, the defendant and appellant, was the only witness who testified in his behalf. He denied the statements attributed to him by the witnesses for the appellee. His denial of the statements made by the appellee's witnesses was the extent of his testimony. He did not testify as to how the accident had occurred.

The appellant, at the close of the appellee's testimony and at the close of all the testimony, moved for a directed verdict. It was the appellant's main contention at that stage of the litigation, as it is before this court, that the appellee had not carried the burden of proof of showing freedom from contributory negligence and that the evidence failed to show that the claimed negligence of the appellant, if any, was the proximate cause of the accident. This contention of the appellant necessitates our consideration of the evidence presented and the application of the law to the facts.

I. We have consistently held that in giving consideration to the question whether or not there should be a directed verdict in favor of a defendant, the testimony of the plaintiff should be considered in its most favorable light. Lathrop v. Knight, 230 Iowa 272, 275, 297 N. W. 291; Nagel v. Bretthauer, 230 Iowa 707, 711, 298 N. W. 852; Crowell v. Demo, 231 Iowa 228, 229, 1 N. W. 2d 93; Bartholomew v. Butts, 232 Iowa 776, 5 N. W. 2d 7, 9. We have also held that if reasonable minds would differ as to the facts presented, the question of the re-

spective liabilities of the parties should be left to the jury. Calvert v. Mason City Loan & Investment Co., 219 Iowa 963, 967, 259 N. W. 452; Dawson v. Bankers Life Co., 216 Iowa 586, 600, 247 N. W. 279.

II. It is asserted by the appellee that the appellant was guilty of negligence as a matter of law in driving his car on Federal Avenue, in a business district, in excess of twenty miles per hour, and in not driving his car on the right-hand side of the center of the street. It is contended by the appellee that the appellant could have avoided striking decedent's automobile if he had driven his automobile in the manner and place that appellee claims was required of the appellant. It is the further claim of the appellee that, inasmuch as the deceased was past the center of the street and in a place of safety when his automobile was struck, even though he might have been negligent in driving into the intersection, yet his act in doing so, in the light of the appellant's manner and place of driving, was not a contributing factor which would prevent recovery. The appellant, on the other hand, claims that the evidence fails to show that his negligence, if any, was the proximate cause of the accident. He contends that the claimed negligence of the decedent contributed to the collision and on account of that fact the appellant should not be held liable for the resulting damages.

We have held in innumerable cases that the question of contributory negligence is ordinarily a question for the jury, and if there is any evidence tending to establish a plaintiff's freedom from contributory negligence that question is for the jury. Pierce v. Dencker, 229 Iowa 479, 484, 294 N. W. 781; Huffman v. King, 222 Iowa 150, 268 N. W. 144; Short v. Powell, 228 Iowa 333, 337, 291 N. W. 406.

We have given consideration to cases cited by appellant in support of his contention that the trial court should have directed a verdict for him. We do not believe that under the factual situation presented in the instant case the cited cases are applicable to the extent that we should hold that the trial court was in error in not directing a verdict for the appellant. Upon the authorities heretofore cited, we hold that the trial court properly submitted the question of the claimed negligence of the respective litigants for the determination of the jury.

III. It is the claim of the appellant that the trial court erred in giving its Instruction No. 9, which is as follows:

"If Mr. Odegard stopped before he entered the intersection in question, and acting as a reasonably prudent man, believed that any car coming from his left would be traveling on the right-hand side of the street and at a rate of speed not in excess of twenty miles an hour, and acting as a reasonably prudent man, believed that he had time and opportunity to cross the street without hazard, and if, acting as a reasonable and prudent man, he did so believe, then he would not be guilty of contributory negligence."

It is appellant's contention that there was no evidence upon which the giving of this instruction could be based. It is further claimed that this instruction incorporated a definite statement that Odegard would not be guilty of contributory negligence if he believed the appellant was not guilty of the two claimed items of negligence referred to in the instruction. It is appellant's claim that there was no evidence that Odegard made any observations, and that the jury, under the instruction, was permitted to speculate as to what he saw and what he might have believed from what he saw.

It is virtually conceded by the appellee that there was no evidence disclosed by the record that indicated that the decedent had made any observations whatsoever which could be the basis of any belief as to the matters referred to in the instruction. However, it is contended that the error, if any, was a result of the giving of an instruction requested by the appellant.

The court gave its Instruction No. 8, which is virtually the same as requested Instruction No. 3 asked for by appellant. In Instruction No. 8 the court, in substance, stated that it was the duty of Walter R. Odegard, before crossing Federal Avenue, not only to stop but also to make observations to determine whether any vehicle was approaching on Federal Avenue so close as to constitute a hazard to his crossing. It further instructed that if any vehicle was approaching so close as to constitute a hazard, it was Odegard's duty to yield the right of way to such vehicle and that his failure to make observations, such

as a reasonable and prudent person would have made under the same or similar circumstances, or to yield such right of way if the appellant's automobile was approaching so close as to constitute a hazard, would constitute negligence on the part of Odegard. It further instructed that if the jury found that Odegard failed to make such observations or failed to yield the right of way to appellant's automobile, under the circumstances of the approach of appellant's automobile, then Odegard was negligent, and if such negligence contributed to the collision and damages, then appellee cannot recover.

We have not set out the appellant's requested Instruction No. 3, but the court's Instruction No. 8, which has been referred to, is virtually the same as requested Instruction No. 3. Can it be said that there was error in amplifying on Instruction No. 8, as the court did in giving Instruction No. 9? We do not think this was error. Under the circumstances, if there was error, we hold it was without prejudice inasmuch as the court was merely enlarging upon the theory of the appellant as noted in requested Instruction No. 3. This court, in previously decided cases, has held that a litigant cannot invite error by asking the court to give a requested instruction and thereafter claim error if the court gives such an instruction. In the instant case, the particular instruction of which complaint is made was not requested by the appellant but it amplified a theory and idea that was incorporated in a prior instruction which had been requested. In the case of Campbell v. Ormsby, 65 Iowa 518, 520, 22 N. W. 656, 657, in commenting upon a situation somewhat similar to the one presented in the instant case, we said:

"We have, upon this state of facts, the case of the defendant recognizing and insisting at the trial upon the very rule adopted by the court, and which is now complained of by him. But the law will not permit him to pursue this course. He cannot lead the court into an error by assenting to the doctrine of an instruction in which the error is found, and in this court seek to reverse the judgment on the ground of the error. Smith v. Sioux City & Pacific Ry. Co., 38 Iowa, 173; Weller v. Hawes, 49 Id., 45."

Holdings of a similar character are found in the following cases: Usher v. Stafford, 227 Iowa 443, 447, 288 N. W. 432;

In re Estate of Iwers, 225 Iowa 389, 398, 280 N. W. 579; Andrews v. Chicago, M. & St. P. Ry. Co., 86 Iowa 677, 686, 53 N. W. 399; Krehbiel v. Henkle, 178 Iowa 770, 781, 160 N. W. 211; Anderson v. Anderson, 150 Iowa 665, 671, 130 N. W. 716.

IV. It is the further claim of the appellant that the court committed error in giving Instruction No. 10, wherein it was stated, in substance, that Mr. Odegard, as a reasonably prudent man, had the right to assume and believe that any car approaching from his left would drive on the right-hand side of the street and would not drive in excess of twenty miles per hour, and he would not be guilty of negligence in so assuming and believing, unless, as a reasonably prudent man, he should have discovered that appellant was not so driving. Our comments in the previous division are applicable to the criticism made of this instruction, and under the circumstances we hold that there was no error.

V. It is the further claim of the appellant that the court committed error in the giving of Instruction No. 5, wherein it was stated that each party using the public highway owes a duty to the other of exercising reasonable care, which reasonable care is to be measured by the danger to be reasonably apprehended. The court further stated that each party, however, is justified in assuming that the other will obey the law and that he will use ordinary care to avoid danger. It is the claim of the appellant that the court should have further stated that each party is justified in assuming that the other will obey the law and that he will use ordinary care to avoid danger "until he knows or until in the exercise of ordinary care he should have known otherwise." In other instructions the court commented upon the fact that the decedent, in giving consideration to the circumstances presented, should be judged by the acts of a reasonably prudent man. The court did not, in the instruction of which complaint is made, comment on the fact that the decedent should be judged on the basis of exercising ordinary care. However, the court did, in other instructions, comment on the fact that the acts of decedent should be judged in the light of the acts of a reasonably prudent man. We think that in considering all the instructions there was no error in not incorporating the phrase which appellant claimed

should have been included in Instruction No. 5. We do not believe that a judicial Utopia will ever be reached when instructions submitted will meet with the approval of a defeated litigant. However, a reviewing court should and does consider that all instructions should be considered in their entirety. It is our conclusion that the instructions as given, when read as a whole, properly advised the jury as to the law, and that there was no prejudice in the court's failure, if it was a failure, to add a certain phrase or statement to a particular instruction.

VI. The appellant makes further complaint of the court's instruction relative to the funeral expense. The testimony shows that the expense attendant to the burial of decedent was $561. The court instructed the jury that they could not allow for this expense but that they could allow "interest at the rate of five per cent per annum from Oct. 1, 1941, for the period you find the said Odegard would have lived except for the collision in question, but you cannot allow such interest on an amount in excess of the sum of $770.99." It is contended that the recovery for the interest on the burial expense could not exceed interest on the actual amount paid out for the burial. The amount of damages claimed by the appellee in her petition was $16,090.46. The jury was not asked to itemize the basis of its verdict in any special findings, and inasmuch as the verdict returned was considerably less than that sought by the appellee, we do not see where the appellant was prejudiced by any claimed excessive recovery in connection with the instruction relative to the matter of interest on the expenditures in connection with the funeral. Under the circumstances, and in the light of the amount of the verdict returned, we do not hold that the instruction as given was prejudicial.

Upon a review of the entire record, we hold that the case was properly submitted to the jury, that there was no error in the instructions, and that the trial court should be affirmed.—Affirmed.

SMITH, C. J., and GARFIELD, HALE, MULRONEY, MANTZ, MILLER, and OLIVER, JJ., concur.

BLISS, J., takes no part.