# IN THE COURT OF APPEALS OF IOWA

No. 17-0735
Filed January 24, 2018

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**MALEEK PRINCE JOHNSON,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Robert J. Blink, Judge.

Maleek Johnson appeals the sentence imposed upon his guilty plea to second-degree robbery. **AFFIRMED.**

Andrea M. Flanagan of Flanagan Law Group, P.L.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

Maleek Johnson appeals the sentence imposed upon his guilty plea to second-degree robbery. He contends the district court abused its sentencing discretion by failing to consider all available sentencing options. Specifically, he argues the court only considered a mandatory minimum sentence of seventy percent and did not consider the option of imposing only a fifty percent mandatory minimum. *See* Iowa Code § 902.12(3) (2017).

The State initially charged Johnson with first-degree robbery. A plea agreement was reached under which Johnson would plead guilty to the lesser-included offense of second-degree robbery. At the plea hearing, the State noted for the record that "[t]he plea agreement encompasses the mandatory ten-year prison sentence on robbery in the second degree, with a mandatory minimum 70 percent being imposed, as agreed to between the parties." Both Johnson and his counsel stated on the record their agreement to the terms. Johnson pled guilty to the charge and the court accepted his plea. At the subsequent sentencing hearing, the State reiterated the terms of the plea agreement and defense counsel requested the court "to impose the agreed-upon sanction." The court stated its decision to honor the plea agreement and sentenced Johnson to a term of imprisonment not to exceed ten years with eligibility for parole after service of seventy percent of the term.

Where the district court simply approves a plea agreement and incorporates it into the ultimate sentence, the sentence is "not the product of the exercise of trial court discretion but of the process of giving effect to the parties' agreement." *State v. Snyder*, 336 N.W.2d 728, 729 (Iowa 1983). Where, as

here, the parties agree on a particular matter, the court does not abuse its discretion by honoring the agreement. Johnson cannot be heard on appeal to complain about a sentence he unequivocally agreed to. *See, e.g.*, *Jasper v. State*, 477 N.W.2d 852, 856 (Iowa 1991) (noting a litigant "cannot deliberately act so as to invite error and then object because the court has accepted the invitation"); *Odegard v. Gregerson*, 12 N.W.2d 559, 562 (Iowa 1944) (same); *State v. Campbell*, No. 16-0550, 2017 WL 2464070, at *9 (Iowa Ct. App. June 7, 2017) (same).

We affirm Johnson's sentence for second-degree robbery.

**AFFIRMED.**