# IN THE COURT OF APPEALS OF IOWA

No. 17-1902
Filed January 24, 2018

**IN THE INTEREST OF H.S.,**
**Minor Child,**

**D.F., Mother,**
　　　Appellant.

_____

Appeal from the Iowa District Court for Polk County, Joseph W. Seidlin, District Associate Judge.

A mother appeals a juvenile court order terminating her parental rights to her child. **AFFIRMED.**

John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Kayla A. Stratton of Juvenile Public Defender Office, Des Moines, guardian ad litem for minor child.

Considered by Danilson, C.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

A mother appeals a juvenile court order terminating her parental rights to her child, born in 2016. She does not challenge the State's establishment of the statutory grounds for termination. Instead, she contends the juvenile court erred in failing to consider whether termination was in the best interest of the child and declining to apply a statutory exception to termination.

At the termination hearing, the mother testified to her agreement that her parental rights should be terminated as to the child involved in this appeal, H.S. She only requested and argued that her rights should not be terminated as to another of her children, A.S. The juvenile court noted in its ruling that the mother "recognizes the barriers to maintaining her parental rights as to [H.S.], and does not contest the termination of her rights as to that child. She does, however, seek to maintain her parental rights as to [A.S]." Under these circumstances, the mother cannot be heard on appeal to complain about a ruling she agreed was appropriate. *See, e.g.*, *Jasper v. State*, 477 N.W.2d 852, 856 (Iowa 1991) (noting a litigant "cannot deliberately act so as to invite error and then object because the court has accepted the invitation"); *Odegard v. Gregerson*, 12 N.W.2d 559, 562 (Iowa 1944) (same); *State v. Campbell*, No. 16-0550, 2017 WL 2464070, at *9 (Iowa Ct. App. June 7, 2017) (same). We therefore affirm the termination of her parental rights.

**AFFIRMED.**