# IN THE COURT OF APPEALS OF IOWA

No. 20-0184
Filed April 1, 2020

**IN THE INTEREST OF K.R.,**
**Minor Child,**

**C.W., Mother,**
     Appellant.

_____

Appeal from the Iowa District Court for Warren County, Kevin Parker, District Associate Judge.

A mother appeals a permanency order transferring guardianship and custody of her child. **AFFIRMED.**

Gina E.V. Burress of Carr Law Firm, P.L.C., Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Magdalena Reese of Juvenile Public Defender, Des Moines, attorney and guardian ad litem for minor child.

Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**MULLINS, Judge.**

The mother and her child, born in 2014, came to the attention of the Iowa Department of Human Services (DHS) in January 2019 as a result of the mother's use of methamphetamine while caring for the child. The mother consented to temporary removal, and the child was placed first with the maternal grandfather and then a maternal aunt shortly thereafter. At the time of removal, the father lived in Louisiana. He returned to Iowa in or around March, upon which the child was placed in his custody. The child was adjudicated in need of assistance pursuant to Iowa Code section 232.2(6)(c)(2) (2019).

The mother began participating in outpatient substance-abuse treatment shortly after removal. She tested positive for methamphetamine in March but tested negative for the substance in April. She again tested positive for methamphetamine in June and July. As a result, the juvenile court ordered that all of the mother's visitations with the child be fully supervised by service providers. Following a review hearing in September, the court again ordered all visitation to be fully supervised by service providers until the mother made progress with her sobriety. Following the mother's November motion for less restrictive visitation citing her progress in treatment, the court ordered that visitation be at the discretion of DHS. The mother again tested positive for methamphetamine in December.

A permanency hearing was held in January 2020. The State and DHS jointly recommended transferring guardianship and sole custody of the child to the father, followed by the entry of a bridge order and closure of the child-in-need-of-assistance proceeding. *See* Iowa Code § 232.103A. All parties, including the mother, agreed with the permanency plan. The court entered an order placing the

child in the guardianship and custody of the father and setting the matter for review hearing for the purpose of considering a bridge order.

The mother appeals, challenging the court's permanency order placing the child in the guardianship and custody of the father. Although somewhat unclear, the mother seems to argue she should have been granted additional time to participate in services and work toward reunification. *See id.* § 232.104(2)(b). As the State points out, the mother expressly agreed to the permanency plan ordered by the juvenile court. She cannot be heard on appeal to complain about a ruling she agreed was appropriate. *See, e.g.*, *Jasper v. State*, 477 N.W.2d 852, 856 (Iowa 1991) (noting a litigant "cannot deliberately act so as to invite error and then object because the court has accepted the invitation"); *Odegard v. Gregerson*, 12 N.W.2d 559, 562 (Iowa 1944) (same).

In any event, following a permanency hearing, the court is required to take one of various actions. *See* Iowa Code § 232.104(2). Those actions include, among others, continuing placement of the child for six months, transferring guardianship and custody of the child to suitable others, or transferring sole custody of the child from one parent to the other. *Id.* § 232.104(2)(b), (d)(1), (d)(2). The option the mother seems to request, an extension, requires a "determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." *Id.* § 232.104(2)(b). Upon our de novo review, *see In re K.C.*, 660 N.W.2d 29, 32 (Iowa 2003), given the mother's track record—namely her year-long inability to maintain a sober lifestyle even while participating in substance-abuse treatment—we are unable to conclude the need for removal of the child from the mother's care will no longer exist after an

additional six months.  We affirm the permanency order without further opinion pursuant to Iowa Court Rule 21.26(1)(a), (c), and (e).

**AFFIRMED.**