# IN THE COURT OF APPEALS OF IOWA

No. 20-0470
Filed April 29, 2020

**IN THE INTEREST OF X.C.,**
**Minor Child,**

**C.S., Mother,**
        Appellant.
_____

Appeal from the Iowa District Court for Polk County, Lynn Poschner, District Associate Judge.

A mother appeals the adjudication of her child as in need of assistance following disposition. **AFFIRMED.**

Jesse A. Macro, Jr. of Macro & Kozlowski, LLP, Des Moines, for appellant mother

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Michael Sorci of Youth Law Center, Des Moines, attorney and guardian ad litem for minor child.

Considered by Doyle, P.J., Mullins, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**SCOTT, Senior Judge.**

This thirty-seven-year-old mother has a long history of substance abuse, dating back to when she was fourteen. She also has a history of mental-health afflictions and engaging in criminal activity. The family came to the attention of the Iowa Department of Human Services in December 2019 as a result of allegations of familial violence and the kidnapping of the child by a grandparent.[1] The State sought and obtained an order for temporary removal, which was confirmed following a removal hearing. At the adjudication hearing in February 2020, the mother stipulated to adjudication of the child as in need of assistance, and the juvenile court entered an order adjudicating the child as such under Iowa Code section 232.2(6)(c)(2) and (n) (2019). The matter proceeded to a dispositional hearing in March, at which the mother contested continued removal and adjudication. At the time of the hearing, the mother had recently undergone mental-health and substance-abuse evaluations. She declined recommended mental-health treatment. She had also discontinued taking her mental-health medication. She was open to recommended inpatient substance-abuse treatment, but she declined outpatient treatment while she was placed on the waitlist for inpatient treatment. The mother continued to decline drug tests, and she remained homeless and without employment or transportation.

The mother now appeals the adjudication of her child as in need of assistance and the subsequent dispositional order. *See In re Long*, 313 N.W.2d 473, 477 (Iowa 1981) (concluding a pre-dispositional order for adjudication is not

---

[1] The mother has previously had her parental rights terminated as to four of her other children.

a final order appealable as a matter of right). Having stipulated to the initial adjudication, the mother cannot now be heard to argue on appeal that adjudication at that time was improper. *See, e.g.*, *Jasper v. State*, 477 N.W.2d 852, 856 (Iowa 1991) (noting a litigant "cannot deliberately act so as to invite error and then object because the court has accepted the invitation"); *Odegard v. Gregerson*, 12 N.W.2d 559, 562 (Iowa 1944) (same).

The mother goes on to appear to request that we reverse the juvenile court's dispositional order and either suspend the adjudication, order the child be placed in her care, or both. *See* Iowa Code §§ 232.99(4) (noting the court's options following a dispositional hearing), .100 (providing for option to suspend the judgment and continue the proceedings), .101 (providing for option to allow parent to retain custody of the child.) Her argument is limited to the following:

> The mother contends the factual findings of the court were erroneous. The mother believes the court misinterpreted the exhibits and testimony which portrayed the mother in an unfavorable light. The mother contends she is a good mother, who loves her child and can care for the child full time. The mother requests her child be returned to her immediately.
> . . . .
> The mother requests that the Iowa Court of Appeals issue an opinion vacating the juvenile court orders and returning the child to the mother . . . .

We find the mother's vague arguments, merely supported by general conclusions without references to the record, to be insufficient to facilitate our review and deem them waived. *See* Iowa Rs. App. P. 6.201(1)(d) ("The petition on appeal shall substantially comply with form 5 in rule 6.1401."); 6.1401–Form 5 ("[S]tate what findings of fact or conclusions of law the district court made with which you disagree and why, generally referencing a particular part of the record,

witnesses' testimony, or exhibits that support your position on appeal. . . . *General conclusions, such as 'the trial court's ruling is not supported by law or the facts' are not acceptable.*"); *see also* Iowa R. App. P. 6.903(2)(g)(3); *see also In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) ("A broad, all encompassing argument is insufficient to identify error in cases of de novo review."); *Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974) ("To reach the merits of this case would require us to assume a partisan role and undertake the appellant's research and advocacy. This role is one we refuse to assume."). We acknowledge the expedited nature of this appeal, *see generally* Iowa R. App. P. 6.201, but the mother has failed to provide us anything to review. We affirm.

**AFFIRMED.**